[No. 22504. Department Two. September 29, 1930.]

ERIC ULVESTAD, *Appellant,* v. C. E. DOLPHIN *et al.,* *Respondents.*[1]

*Lund & Lund,* for appellant.

PER CURIAM.—This cause was before us on a former appeal, wherein the judgment entered after a trial in the court below was reversed and the cause remanded for a new trial. *Ulvestad v. Dolphin,* 152 Wash. 580, 278 Pac. 681. In the opinion in that case will be found a statement of the facts and the issues involved. After the remand of the cause, it was again tried before a jury and a verdict returned in favor of the plaintiff, Ulvestad, for the sum of $3,500 against all of the defendants. On the return of the verdict, the defendants moved for a judgment notwithstanding the verdict, and, in the alternative, for a new trial. The court denied the first branch of the motion, but granted the second. The appeal is by the plaintiff from that part of the court's order granting a new trial.

[1]Reported in 292 Pac. 106.

The motion for a new trial was based upon practically all of the statutory grounds, some of which involved questions of law, and some of which invoked the discretion of the court. The order of the court granting the new trial was general. In the order, there is nothing to indicate upon which of the grounds stated in the motion, if less than all, the order was rested.

We agree with the appellant that there were no trial errors which necessitated a new trial. The cause was fully and fairly tried in so far as we have discovered, and nothing is pointed out to us on which error of law can be predicated.

■ However, we cannot agree with him that there is nothing of discretion on which the court could base its order. It may be true that, under the ruling of this court in its former opinion (152 Wash. 580), there was not much left to be determined except the amount of the recovery, but whether the court would let the verdict stand for the amount returned or set it aside and grant a new trial, was within its discretion. In this jurisdiction, the court may, when it deems the verdict excessive, tender the plaintiff a judgment for a less sum than that returned by the jury, and give him the option to take a judgment for the sum tendered or submit to a new trial, but the remedy is only cumulative. If the court believes that the verdict is excessive and is given under the influence of passion and prejudice, it may grant a new trial in the first instance.

■ We think we need not follow the appellant in his argument that the award of the jury was not excessive, and that the court abused its discretion in setting it aside for that reason. It may be conceded that the indignities to which the appellant was subjected by the respondents were aggravating, and that it is an instance where the jury were entitled to con-

sider his mental suffering as well as his bodily injuries, but his recovery must be for compensatory damages only. It is not a case where punitory or exemplary damages are recoverable. Damages of the latter sort are recoverable in this state only where the statute permits such a recovery, and there is no statute allowing such a recovery for injuries of the sort here in question.

We cannot conclude, therefore, that the trial court abused its discretion in granting a new trial, and its order will stand affirmed.